## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    PENTECOSTAL CHURCH OF GOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| 1.    GUIDEONE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

Plaintiff Pentecostal Church of God, by and through its attorneys of record, BROWN & GOULD, PLLC, for its complaint against Defendant GuideOne Mutual Insurance Company, alleges and states as follows:

## I.
## PARTIES

1.    Plaintiff Pentecostal Church of God ("**Plaintiff**") is a religious organization located in Pottawatomie County, Oklahoma.

2.    Defendant GuideOne Mutual Insurance Company ("**Defendant**" or "**GuideOne**") is a foreign insurance company authorized to do business in the State of Oklahoma that may be served with process by and through its mandatory designated agent pursuant to OKLA. STAT. tit. 36, §§ 621-622, John Doak, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, P.O. Box 53408, Oklahoma City, Oklahoma 73152-3408.

## II.
## JURISDICTION AND VENUE

3.      This civil action arises out of GuideOne's unlawful refusal to provide coverage for the replacement of a roof under the terms and conditions of an insurance policy. Plaintiff alleges claims for breach of contract and bad faith against GuideOne.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332. First, there is complete diversity of citizenship between Plaintiff and GuideOne. Plaintiff's principal place of business is in the State of Oklahoma. GuideOne is a foreign corporation with a principal place of business is in Iowa. GuideOne is not incorporated in Oklahoma. Second, Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. Thus, all jurisdictional requirements set forth in 28 U.S.C. § 1332 are met.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This judicial district is where Plaintiff's claim arose, where GuideOne conducts business, and where GuideOne has a registered service agent for the service of process.

6.      All conditions precedent to instituting this action have occurred, been performed, were waived, or have otherwise been satisfied.

## III.
## STATEMENT OF FACTS

7.      GuideOne is in the business of selling insurance to religious organizations in the State of Oklahoma.

8.      GuideOne sold Plaintiff a "Package" insurance policy bearing policy number

1283-766 with an effective date of September 1, 2010 to September 1, 2011 (the "**Policy**")

for purposes of insuring Plaintiff's premises located at 210 West Washington Street,

Tecumseh, Oklahoma (the "**Church Premises**").

9.     Pursuant to the terms and conditions of the Policy, GuideOne promised to

insure the Church Premises for any direct physical loss of or damage to the roof of the

buildings on the Church Premises that was caused by wind.

10.     While all coverages under the policy were in full force and effect, the roofs of

four of the buildings on the Church Premises suffered direct physical loss and damage caused

by wind.

11.     Plaintiff made a claim for coverage under the Policy which GuideOne assigned

claim number 42-C-18699.

12.     GuideOne adjusted Plaintiff's claim, but unreasonably refused to pay for all

of the damage that was caused by wind and covered under the terms and conditions of the

Policy.

13.     Specifically, GuideOne denied Plaintiff's claim for full replacement of the East

Wing roof of one of the Church buildings, whichj suffered severe damage due to wind lifts.

Notably, once a shingle has suffered damage due to wind lifts, it will not reseal and will

cause further damage due to leaking. Despite the clear damage to the East Wing roof,

GuideOne unreasonably claimed that the East Wing roof could be repaired rather than fully

replaced.

14.     The East Wing roof, however, could *not* simply be repaired. Rather, due to the wind lifts and the large number of damaged shingles, the East Wing roof required a full replacement.

15.     On or about February 9, 2012, Plaintiff provided GuideOne with additional evidence from independent contractors that proved that the East Wing roof, in fact, needed to be replaced due to the extensive damage is suffered and could not simply be repaired.

16.     On or about February 14, 2012, GuideOne unreasonably refused to reconsider its prior position despite Plaintiff providing it additional evidence. Rather, GuideOne confirmed that it was denying the claim for the full replacement of the East Wing roof.

17.     Thus, GuideOne unreasonably refused to pay Plaintiff for all of the property damage to the Church Premises despite the fact that the property damage was a covered loss under the terms and conditions of the Policy.

18.     GuideOne breached its contractual obligations to Plaintiff  by failing and refusing to pay for the cost to fully replace the East Wing roof.

19.     GuideOne also failed to properly investigate Plaintiff's claim. Aside from refusing to pay for a full replacement of the East Wing roof despite the terms of the Policy, GuideOne conducted an unreasonable investigation that refused to consider additional, undisputed evidence that would have resulted in Plaintiff's claim being fully covered.

20.     GuideOne's unwillingness to fairly compensate Plaintiff is patently unreasonable and constitutes bad faith. And, as a result of GuideOne's denial of Plaintiff's

claim for coverage, Plaintiff has suffered damages.

## IV.
## THEORIES OF RECOVERY

### A.
### BREACH OF CONTRACT

Plaintiff incorporates all of its prior allegations by reference.

21.     GuideOne has arbitrarily and capriciously breached the insurance contract by refusing to pay Plaintiff when coverage was afforded under the terms of the Policy.

22.     As a result of GuideOne's breach of the insurance contract, Plaintiff has been injured and damaged and is entitled to recover those damages from GuideOne.

WHEREFORE, Plaintiff prays for judgment against GuideOne for the following relief:

a.     Contractual damages against GuideOne, including but not limited to unpaid covered losses and contractual interest on payments owed;

b.     Pre-judgment and post-judgment interest;

c.     Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

d.     Such other and further relief as the Court deems appropriate under the circumstances presented.

### B.
### BAD FAITH

Plaintiff incorporates all of its prior allegations by reference.

23.     GuideOne knowingly and intentionally handled the insurance claim of Plaintiff

as a matter of routine business practice in handling like claims under like policies.

24.     GuideOne has intentionally and wrongfully refused to pay Plaintiff for losses

that are covered under the terms of the Policy.

25.     GuideOne has breached its duty to deal fairly and act in good faith towards

Plaintiff by:

      a.      failing and refusing coverage and other policy benefits due to Plaintiff at a time when GuideOne knew that Plaintiff was entitled to those benefits;

      b.      failing to properly investigate Plaintiff's claim and to obtain additional information in connection with the claim;

      c.      withholding payment even though GuideOne knew Plaintiff's claim for those losses was valid;

      d.      refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

      e.      refusing to honor Plaintiff's claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the Policy;

      f.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy;

      g.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

      h.      forcing Plaintiff, pursuant to GuideOne's standard claims practice, to retain counsel in order to secure payment GuideOne knew was required under the Policy; and/or

      i.      failing to properly evaluate any investigation that was performed.

26.     As a proximate result of GuideOne's breach of its duty of good faith and fair dealing, Plaintiff has suffered aggregate damages and other losses in excess of $75,000.00.

27.     GuideOne has acted intentionally and with malice towards Plaintiff and has been guilty of reckless disregard for the rights of Plaintiff, entitling it to punitive damages.

WHEREFORE, Plaintiff prays for judgment against GuideOne for the following relief:

   a.     Compensatory damages against GuideOne, including but not limited to unpaid covered losses and contractual interest on payments owed;

   b.     Punitive damages;

   c.     Pre-judgment and post-judgment interest on all damages;

   d.     Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

   e.     All further relief as the Court deems appropriate under the circumstances presented.

## V.
## JURY DEMAND

28.     Plaintiff requests that a jury be convened to try the factual issues in this case.

## VI.
## PRAYER

WHEREFORE, Plaintiff prays that it be awarded judgment against Defendant and actual and compensatory damages together with costs, pre- and post-judgment interest, punitive damages, attorney's fees, costs, and any other relief as may be appropriate.

7

Respectfully submitted,

s/ Joshua C. Stockton
George H. Brown, OBA #18020
Tony Gould, OBA #18564
Joshua Stockton, OBA #21833
**BROWN & GOULD, PLLC**
136 N.W. 10th Street
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: jstockton@browngouldlaw.com

8